683 P.2d 887

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Akios Karen KASIO, Defendant-Respondent.**

No. 14863.

Court of Appeals of Idaho.

June 26, 1984.

■■■■■■■■■■■■■■■■

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-appellant.

Robert W. Galley, Randy Stoker, Twin Falls, for defendant-respondent.

PER CURIAM.

Investigating a report of lewd conduct with a minor child, officers of the Twin Falls police department interviewed a suspect, Akios Kasio, and obtained a confession from him. Kasio was then arrested. In district court, prior to trial, Kasio moved to suppress the use of his confession. The district court granted the motion. The court held that the police had not complied with I.C. § 19–853, specifying the information to be given a detained person concerning his right to an attorney. The state has appealed from the suppression order. We hold the police did comply with the statute and we reverse the order suppressing the use of the confession at trial.

In relevant part, I.C. § 19–853 provides:

(a) If a person who is being detained by a law enforcement officer, ... is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officers concerned, upon commencement of detention, ... shall:

(1) clearly inform him of his right to counsel and of the right of a needy person to be represented by an attorney at public expense; ....

. . . .

(e) Information given to a person under this section is effective only if:

(1) it is in writing or otherwise recorded;

(2) he records his acknowledgement of receipt and time of receipt, or, if he refuses to make this acknowledgement, the person giving the information records

that he gave the information and that the person informed refused to acknowledge it; and

(3) the material so recorded under (1) and (2) is filed with the court next concerned.[1]

The circumstances surrounding Kasio's confession were related by a police officer at the hearing on Kasio's motion to suppress. The officer stated that, based upon information given him by the victim, he met Kasio at Kasio's residence and asked Kasio to accompany him to the police station for an interview. Kasio complied. At the station, the officer orally advised Kasio of his *Miranda* rights before he and another officer commenced the interview. Particularly, in reference to an attorney, the officer testified:

[A]nd then we then went ahead and said that you got a right to have an attorney present when we are talking to you. At that time told him that means if you want an attorney we could get you one here and then we went and told him that if you cannot afford an attorney and you wanted an attorney the court will appoint one free to you at no cost to you. And we told him at that time that meant that if he didn't have no money to afford an attorney that he'd get one free if the court feels that you ain't got no money.

The officer stated that, after having been advised of his rights, and after the officers felt assured that Kasio understood his rights, Kasio indicated his willingness to be interviewed. The officer testified:

A [By the officer]: I went ahead and talked to him, asked him questions and he answered them to the best of his ability, I guess.

Q [By the prosecutor]: Did you go and get a piece of machinery?

A: Went ahead and tape recorded it, yes. I mean all the time it was on tape from the time we—

Q: When you turned on the tape, the first part of the taped conversation with

---

1. Subsection (e) of I.C. § 19–853 was repealed by the legislature, effective July 1, 1984, while this appeal was pending. 1984 Idaho Session Laws, ch. 229, pp. 548–49.

Mr. Kasio, what generally did that deal with?

A: That was again more or less putting his rights briefly on tape that there was no misunderstanding he didn't understand his rights. So briefly asked him again if he understood them.

Q: Referring back to the rights that you had given him verbally prior to the turning the tape recorder on—

A: Yes.

Q: —do you recall how many times, if any, that you asked him if he understood the rights or if he had any questions about them?

A: It was around four times, I think.

Q: Did he indicate on each of those occasions that he understood those rights?

A: Yes.

Q: And waived them?

A: Yes.

Q: And after that what did he do?

A: Went ahead and we talked about it and he confessed to having lewd conduct with a minor child.

Kasio's defense counsel inquired whether the officer told Kasio he had a right to have an attorney present during the interview. The officer responded: "That was the first thing we said, yes." Neither Kasio nor any other witness on his behalf testified at the suppression hearing. Thus the officer's testimony remains unrefuted as to the extent and nature of the advice given to Kasio.

The following is a partial transcript of the tape recorded interview conduct immediately after Kasio had received the oral explanation of his *Miranda* rights:

[By the interviewing officer]: Now, instead of having to have you write it out or whatever, I'd rather have you put it right on tape. And first off though, before you talk to us, this is August the 20th, 1982, the time is 11:40 and just before that we advised ya of your rights, verbally. That ya had the right to remain silent, that anything you said can be used against ya and your right to an attorney. Is that right?

KASIO: It is.

OFFICER: Did you understand these rights? You understood these rights, right?

KASIO: Yea.

OFFICER: Any questions about 'em?

SECOND OFFICER: Hey, Ron, you also told him about if he couldn't afford one.

INTERVIEWING OFFICER: Yea, and I told you that if you could not afford an attorney, one would be represented for you at no cost to you, right? What I wanta do is make sure it's all on tape, like I said and I told I was gonna put it on tape, that way you wouldn't have to writ out—write out the statement. And at this time you told us you wanted to talk to us and you're gonna try to square it away and tell us the truth. Is that right?

KASIO: Yea.

OFFICER: And your name again?

KASIO: Akios Kasio.

At the conclusion of the interview the officer made a written notation on his offense report concerning the *Miranda* advice given to Kasio. Those notes, admitted in evidence at the suppression hearing, reflect that the officer told Kasio:

3. You have the right to have an attorney present while being questioned.

4. If you do not have money to afford a [sic] attorney a attorney would be appointed to you at no cost to you—this attorney would be free.

The district court's ruling on Kasio's motion to suppress is as follows:

The Court has decided to grant defendant's motion to suppress his confession herein. I.C., Sec. 19–853 indicates that when an accused is taken into custody he must be advised of his right to counsel, that an attorney will be appointed to represent him if he cannot afford counsel, and that the accused has the right to talk to an attorney before being questioned by officers and/or the right to have an attorney present at any questioning.

In this case there is a tape-recorded confession that mainly refers to oral

rights given previously. There is insufficient evidence that the defendant was ever informed of his right to see a lawyer before he gave a statement, his right to have counsel present during the questioning, or his right to have a public defender prior to a court hearing.

The Court holds that the oral rights given were not effective, because they were not in writing or otherwise recorded as is required by I.C., Sec. 19–853. This section requires the rights to be in writing or otherwise recorded at the time they are given, not at a subsequent time. Accordingly, the police notes paraphrasing the oral rights given are not sufficient to make effective the ineffective rights previously given.

If defense counsel will prepare an order suppressing the confession involved, I will sign the same.

■ We hold the court erred in granting Kasio's motion to suppress. As noted, I.C. § 19–853(a)(1) simply requires the detaining officers to "clearly inform [the detained person] of his right to counsel and of the right of a needy person to be represented by an attorney at public expense." Such information is effective only if it is in writing or otherwise recorded. I.C. § 19–853(e) (now repealed). In respect to the advice given to Kasio by the officer, the district court's decision was plainly contrary to the unrefuted evidence presented at the suppression hearing. The evidence showed that Kasio was informed of his right to counsel before he gave a statement to the police and of his right to have an attorney present during the questioning. According to the officer's testimony, Kasio voluntarily waived those rights with understanding.

■ However, the real thrust of the district court's decision is that the advice of rights must be "in writing or otherwise recorded at the time they are given, not at a subsequent time." We believe the court applied the statute too strictly and in a hypertechnical fashion. The logical purpose of subsection (e) of the statute was to memorialize the nature and extent of the advice given, reflecting the detainee's acknowledgement that the information was related to him, and to provide a repository—the court—for preservation of that memorialization for future review where necessary. Here, the advice given was immediately memorialized by the electronic tape recording reiterating the advice given. The lapse of a few moments between the giving of the advice and the tape recording of a reiteration of those rights is, in our view, a substantial compliance with the statute—the functional equivalent in this case of contemporaneous recording of the information. The tape recording itself demonstrates that the required information was given to Kasio, who acknowledged receiving and understanding it. Accordingly, we hold that the police complied with the mandates of I.C. § 19–853(e)(1) and (2).

■ At oral argument on this appeal, counsel for Kasio questioned whether the police had complied with I.C. § 19–853(e)(3), requiring that "the material so recorded [be] filed with the court next concerned." The record shows that, after Kasio was arrested, the tape recording and a copy of the offense report containing the officer's written notes of the interview were filed in the magistrate's division of the district court, where Kasio's preliminary hearing subsequently was held. The material was therefore filed with the "court next concerned" with Kasio's prosecution.

We conclude that the steps taken by the police to record and to present in court the information given to Kasio regarding his right to counsel complied with the statute. There is no evidence that Kasio was prejudiced by this procedure, nor that his confession otherwise was involuntary. The order suppressing the use of the confession at trial is reversed.